PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BISHOP, | ) | CASE NO. 4:26-CV-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| SCOTT WASHAM., | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos 1, 2] |

**I.**

Plaintiff James Bishop, a state prisoner incarcerated in the Noble Correctional Institution in Caldwell, Ohio, filed a civil rights action *pro se* against Judge Scott Washam of the Columbiana County Court of Common Pleas.  Plaintiff claims that Judge Washam denied him due process by issuing unfavorable rulings on motions in a child support case.  He seeks an order removing Judge Washam from the bench alongside monetary damages.  He also seeks *pauper* status for his filings.  For the reasons herein, the Complaint (ECF No. 1) is dismissed under 8 U.S.C. § 1915 and the Motion to Proceed *In Forma Pauperis* (ECF No. 2) is denied.

**II.**

On December 15, 2023, Plaintiff filed *pro se* a hand-written Complaint in the Columbiana Common Pleas Court alleging fraud and seeking damages.  He claimed that his ex-wife, Tonya Bishop, falsely told him he is the father of the three children she conceived during their marriage.  Plaintiff alleges he traveled out of state frequently during their marriage and Tonya had at least one known extra-marital affair.  The couple separated in 2008 when Tonya left for another man.  They divorced in Jefferson County, Ohio in 2007.  Plaintiff claimed that

(4:26-CV-1)

Tonya knew that he was not the father of the children; but made representations to the state court regarding his paternity to induce child support, and weekend childcare.  He claims this deception cost him over $200,000.00 in child support, which he asked the court to order Tonya to return with interest.  A copy of the complaint filed in state court was served on Tonya by certified mail and, although the receipt was returned, the signature was illegible.  Tonya did not respond to the complaint within the time allotted by the Ohio Rules of Civil Procedure, and Plaintiff filed a motion for default judgment.  The state court entered default judgment on February 22, 2024.

On March 4, 2024, Tonya, represented by counsel, filed a motion for a new trial under Ohio R. Civ. P. 59.   She argued that any issue of paternity should have been addressed in the 2007 divorce proceedings and that *res judicata* barred relitigation.  She also argued that Jefferson County, not Columbiana County, had jurisdiction over the case because the state court retained jurisdiction over custody and child support.  Judge Washam denied the motion because there had been no trial, noting that Ohio R. Civ. P. 60(B) was the proper mechanism for challenging the default judgment.

On May 3, 2024, Tonya filed a motion for relief from judgment under Ohio R. Civ. P. 60(B).  She admitted that she did not file an answer, but claimed she went to the courthouse and attempted to speak with the judge.  She claimed she was confused because she thought paternity had been settled.  Judge Washam sustained the motion, stating that it was timely, and that Tonya had presented a meritorious defense based on the divorce decree.  Plaintiff appealed that decision to Ohio's Seventh District Court of Appeals.  The state appellate court agreed that the trial court had erred in setting aside default judgment under Ohio R. Civ. P. 60(B)(1) and (4), yet affirmed the state trial court's decision on Ohio R. Civ. P. 60(B)(5) because "the allegations of fraud coupled with the request for roughly one-half-of-a million dollars in damages constitute an

2

(4:26-CV-1)

unusual or extraordinary circumstance that justify setting aside the default judgment." ECF No. 1–7 at PageID #: 39.  The state appellate court remanded the case to the state trial court for Tonya to file a responsive pleading.

Plaintiff filed this lawsuit to contest the decision of Judge Washam.  He contends Judge Washam twice denied him due process.  *First*, by stating in his denial of Tonya's Ohio R. Civ. P. 59 motion that it ought to have been filed under Ohio R Civ. P. 60(B), he abandoned the role of an impartial officer and acted as an advocate for Tonya.  *Second*, that Judge Washam acted with judicial bias in favor of Tonya.  He seeks monetary damages and an order removing Judge Washam from the bench.

### III.

### A.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).  A claim lacks an arguable basis in law or fact when it is based on a meritless legal theory or when the factual contentions therein are baseless.  *See Neitzke*, 490 U.S. at 327.  A claim fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must raise the right to relief above the speculative level on the assumption that all the factual allegations therein are true.  *See Twombly*, 550 U.S. at 555.  A plaintiff need not include detailed allegations, but must

3

(4:26-CV-1)

provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or simple recitations of the elements of a cause of action will not suffice. *See id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998).

**B.**

Judges are immune from civil suits for money damages, *see Mireles v. Waco*, 502 U.S. 9, 9 (1991) and *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997), to ensure the independent and impartial exercise of judgment is not impaired by exposure to damages claims from dissatisfied litigants. *See Barnes*, 105 F.3d at 1115. There are two narrow exceptions to judicial immunity. *First,* when the conduct alleged is performed at a time when the defendant is not acting as a judge. *Second,* when the conduct alleged—although judicial in nature—is taken in complete absence of all subject matter jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116; *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he took was performed in error, done maliciously, or exceeded his authority.

**IV.**

*First*, neither immunity exception applies here. Judge Washam was acting as a judge when he resolved—to Plaintiff's dissatisfaction— Tonya's motion for a new trial. And the state court has subject matter jurisdiction over civil cases alleging fraud. *See* Ohio Rev. Code § 2305.01; *Stern v. Mascio*, 262 F.3d 600, 607-08 (6th Cir. 2001)*v*. Judge Washam is immune from suits for damages stemming from his decision challenged herein.

*Second*, the Court does not have legal authority to intervene in a pending state court action, compel a state court judge to rule differently, or remove a state court judge from a case.

4

(4:26-CV-1)

See *Lathan v. Goulding*, No. 3:16-CV-01519, 2018 WL 3222594, at \*2 (N.D. Ohio July 2, 2018).  District courts are not appellate reviewers of state court decisions and have no power to puppeteer state court action.  Rather, they are courts of limited jurisdiction with limited powers enumerated by Article III of the United Sates Constitution.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute").

*Third*, principles of federalism direct the Court to abstain from exercising jurisdiction over a claim when ruling would interfere with ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37, 41 (1971) ("[W]e have concluded that the judgment of the District Court, enjoining [appellant] from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances").  Accordingly, the Court will not interfere in a state fraud case.

## V.

For these reasons, the Complaint (ECF No. 1) is dismissed under 8 U.S.C. § 1915 and the Motion to Proceed *In Forma Pauperis* (ECF No. 2) is denied.  The Court certifies through 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith.

IT IS SO ORDERED.

| March 30, 2026 | | /s/ Benita Y. Pearson |
| --- | --- | --- |
| Date | | Benita Y. Pearson |
| | | United States District Judge |

5